IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 06-150 |
| ROMEO NUNEZ-FLORES | )          06-144 |
| HEIBERTO ALVARADO-MARTINEZ | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

### FINDINGS OF FACT
### CONCLUSIONS OF LAW
and
### ORDER OF COURT

### I. FINDINGS OF FACT

1. On March 24, 2006, at 12:30 A.M., Ohio Township Police Officer Donald Manz stopped a Chevrolet Cavalier in Neville Township because the vehicle was traveling forty-six (46) miles per hour in a twenty-five (25) mile an hour zone.

2. Manz's stop of the vehicle was made using VASCAR equipment, in which the officer had received training.

3. Manz observed three (3) occupants in the vehicle, Defendant Nunez-Flores and Defendant Alvardo-Martinez and the driver Cruz-Rosas.

4. The driver of the vehicle was asked for license and registration information. He produced registration indicating that a woman in North Carolina owned the car. He also produced a North Carolina identification card. He had no

driver's license. He also stated, in response to a question by Manz, that neither Defendant had a driver's license. The North Carolina identification card was found to be invalid.

5. Manz then requested identification from both Defendants, who were passengers in the vehicle. Defendant Alvardo-Martinez produced a Resident Alien Card which appeared "suspicious" to Manz. Defendant Nunez-Flores produced identification cards from the Republic of El Salvador. Manz testified that the cards produced by Defendants were not official looking and poorly laminated. Manz checked the names and dates of birth provided by Defendants and found no records.

6. Manz asked both Defendants and the driver if they were in this country illegally. The driver nodded affirmatively and Defendants did not respond, but lowered their heads.

7. Defendants are Hispanic and contend that they neither speak nor understand the English language.

8. Manz notified Immigration and Customs Enforcement ("ICE") who directed him to take Defendants and the driver to the county jail. Manz returned all the identifications to Defendants.

9. ICE Agents interviewed both Defendants on March 24, 2006.

10. ICE Agents collected from Defendants the identification cards Defendants had presented to Manz after the traffic stop.

11. The ICE Agents asked both Defendants for their wallets. Both contained a Resident Alien Card which appeared to be fraudulent.

12. Thereafter, ICE Agents determined that Defendant Alvardo-Martinez and Defendant Nunez-Flores were illegal aliens.

## II. **CONCLUSIONS OF LAW**

1. The issue in these cases is whether Manz had probable cause to arrest Defendants for violating immigration laws.

2. The initial traffic stop was lawful as the driver had violated state vehicle law.

3. Manz had the right to remove Defendants from the vehicle without any individualized suspicion.

4. The legality of Manz's Terry frisk of Defendants is not at issue as no evidence was obtained from either Defendant during the frisk.

5. Manz had probable cause to arrest Defendants based on the following:

>    (a) Defendants were Hispanic and claimed to not speak or understand English.
>
>    (b) Manz found the identification obtained from Defendants to be suspicious because of poor lamination.
>
>    (c) When Manz asked the driver and Defendants if they were in the country illegally, the driver answered, "Yes," and Defendants immediately put their heads down.
>
>    (d) Manz asked Defendants several times where they lived and worked. Defendants did not respond and the driver did not offer to interpret.
>
>    (e) When Manz asked Defendants for identification, Defendants handed identification cards to him.
>
>    (f) When Manz asked Defendants to exit the vehicle, Defendants exited the vehicle.

6. Defendant Alvardo-Martinez's testimony that he had no understanding of

the English language is not credible in light of the credible testimony of Officer Manz.

7. Defendant Nunez-Flores did not testify as to his ability to speak or understand English.

8. All the above factors, considered within the totality of the circumstances, indicate probable cause for the arrests.

9. The fraudulent Resident Alien Cards obtained from Defendants were obtained pursuant to a lawful arrest

10. Defendant Alvarado-Martinez's Motion to Suppress statements made by Defendant to ICE Agents is moot as the Government does not intend to introduce such statements.

* * * * * * * * * * * * * * * * * * * * * * * * * *

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| -vs- | ) |
| | ) Criminal No. 06-150 |
| ROMEO NUNEZ-FLORES | )           06-144 |
| HEIBERTO ALVARADO-MARTINEZ | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# ORDER OF COURT

AND NOW this, **21st** day of July, 2006, the Motions to Suppress filed by Defendants Romeo Nunez-Flores (Docket No. 30) and Heriberto Alvarado-Martinez (Docket No. 22) are denied.

Trial is scheduled for July 31, 2006 at 9:30 A.M. Vior dire and jury instructions are due on July 27, 2006.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge